```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF UTAH
_____

NEALY W. ADAMS,                  )
                                 )   **MEMORANDUM DECISION & ORDER**
         Petitioner,             )   **DENYING HABEAS PETITION**
                                 )
    v.                           )   Case No. 2:09-CV-879-BCW
                                 )
STEVEN TURLEY,                   )   Magistrate Judge Brooke Wells
                                 )
         Respondent.             )
_____
```

Petitioner, Nealy W. Adams, an inmate at Utah State Prison, requests habeas corpus relief.[1] As the State asserts in its response, Petitioner has filed past the applicable period of limitation. For this reason, the Court denies Mr. Adams' petition.

Petitioner was convicted of forcible sexual abuse, a second-degree felony, for which he is serving a sentence of one-to-fifteen years. His conviction became final on August 3, 2000.[2] On that date, the one-year period of limitation began to run on Petitioner's right to bring a federal habeas petition.[3] Because Petitioner did not file a state petition for post-conviction relief during that year, the limitation period expired on August 3, 2001. Petitioner, however, waited until September 29, 2009, more than eight years later, to file his current petition.

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] This date is also the deadline he missed for filing a petition for writ of certiorari in the United States Supreme Court as to his direct appeal.

[3] *See id.* § 2244(d).

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[4] Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[5]

Regarding statutory tolling, it is true that a state petition for post-conviction relief was filed. However, it was filed on May 14, 2003--long after the federal period of limitation had already run out. "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"[6]

Regarding equitable tolling, Petitioner excuses his failure to timely file his petition by asserting he had difficulty finding an attorney to take his state post-conviction case, lacked access to a law library and legal training, and did not have access to the federal habeas statutes. He also maintains his innocence. Based on these circumstances, he argues that the

---

[4]*Id.* § 2244(d)(2).

[5]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted in original)).

[6]*Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Court should apply equitable tolling to rescue him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[7] Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[8] It is the Petitioner who "has the burden of demonstrating that equitable tolling should apply."[9]

Against the backdrop of these general principles, the Court considers Petitioner's specific arguments. Under the category of "uncontrollable circumstances," Petitioner asserts that his lateness should be overlooked because he had difficulty finding counsel to handle his state post-conviction proceedings, lacked a law library and legal training, and had no access to federal habeas statutes.

The argument that a prisoner had difficulty finding counsel does not support equitable tolling. Simply put, "'[t]here is no

---

[7] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[8] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

[9] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

3

constitutional right to an attorney in state post-conviction proceedings.'"[10] Consequently, Petitioner was required, at the least, to represent himself in his habeas proceedings. Proper diligence suggests that if Petitioner had wanted representation by counsel, he should have filed a petition with the help of contract attorneys or on his own, pending his search for an attorney to enter the litigation at a later date. "[A]n unsuccessful search for counsel [is] not an extraordinary circumstance warranting equitable tolling."[11]

Petitioner's next arguments that he had inadequate library facilities (including no access to a federal habeas statute) and a lack of legal training do not support equitable tolling either.[12] After all, "[i]t is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."[13]

---

[10]*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2010) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[11]*Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Roland v. Scribner*, No. C 04-4623 MJJ, 2005 U.S. Dist. LEXIS 34448, at *11-12 (N.D. Cal. Sept. 8, 2005) (stating, "[b]ecause Petitioner was not entitled to an attorney in the first instance, and, in fact, could have filed for habeas relief *pro se*," search for counsel "does not constitute an extraordinary circumstance warranting equitable tolling" ).

[12]*McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005).

[13]*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

4

Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[14] As a result, Petitioner's contention that lack of a law library, access to a statute, and legal training thwarted his habeas filings will not toll the period of limitation.

During the running of the federal period of limitation and beyond, Petitioner took no steps himself to "*diligently* pursue his federal claims."[15] In fact, Petitioner's claims are undercut by the fact that he allowed more than eight years to pass before filing for federal habeas relief. In sum, the Court concludes that none of the circumstances raised by Petitioner rendered it beyond his control to file a timely petition.

Finally, the Court addresses Petitioner's argument that his actual innocence cancels out the period of limitation's effect. "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial."[16] Petitioner's statement of actual innocence does not suggest the existence of any such new evidence, and, thus, does not meet his burden.

---

[14]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[15]*Miller*, 141 F.3d at 978 (emphasis added).

[16]*Rose v. Newton-Embry*, No. 05-6245, 2006 U.S. App. LEXIS, at *4-5 (10th Cir. Sept. 5, 2006) (unpublished).

Accordingly, this Court finds that Mr. Adams' current petition was filed past the one-year period of limitation. Further, it appears that neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this habeas petition is DENIED because it is barred by the applicable period of limitation.

IT IS FURTHER ORDERED that Petitioner's motion to strike Respondents' response is DENIED.[17]

DATED this __20th__ day of January, 2011.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge

---

[17](See Docket Entry # 13.)